UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SREAM, INC. | CIVIL ACTION |
| VERSUS | |
| TIGER BROTHERS FOOD MART, INC. | NO.: 17-00657-BAJ-RLB |

### ORDER

Before the Court is the **Motion for Default Judgment (Doc. 21)** and the **Motion for Default Judgment (Doc. 22)** filed by Plaintiff Sream, Inc., in which Plaintiff seeks a default judgment against Defendant Tiger Brothers Food Mart, Inc.[1] Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons articulated herein, the Court defers ruling on both motions pending the submission of a supplemental brief by Plaintiff.

Plaintiff is a California corporation that possesses exclusive license in the United States to use the trademark "RooR." (Doc. 1 at p. 2). RooR is recognized for its ornate glass products including borosilicate jointed-glass water pipes, parts, and accessories. (Doc. 21 at p. 2). Plaintiff contends Defendant engaged in the unlawful manufacture, retail sale, and/or wholesale sale of counterfeit RooR branded water pipes and related parts. (Doc. 1 at p. 2).

Plaintiff filed its Complaint on September 20, 2017, asserting violations of the Lanham Act, 15 U.S.C. § 1114. The Clerk of Court entered a default on June 14, 2018

---

[1] Both motions are identical except Doc. 22 contains evidence in support of Plaintiff's Motion.

1

because Defendant failed to file an answer or motion under Federal Rule of Civil Procedure 12. (Doc. 19). Plaintiff then filed the pending Motions for Default Judgment.

The Court notes a discrepancy in Plaintiff's pleadings and evidence regarding where Defendant is incorporated and where the impact of Defendant's alleged infringement was felt. Plaintiff's complaint alleges that Defendant is a Louisiana corporation, and that a substantial part of the events giving rise to its claim occurred in this district. However, Plaintiff's Motions for Default Judgment state that Defendant is a Florida Corporation and Plaintiff bases its damages calculation on its loss of profits in Florida. (Doc. 22 at p. 4; Doc. 22-2 at p. 1; Doc. 22-3 at p. 1). Given Plaintiff's inconsistent statements and evidence about where the events in this matter occurred, the Court requires clarification before it is able to address Plaintiff's Motions for Default Judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff show cause within ten days of the date of this order why this suit should not be dismissed for improper venue. *McClintock v. School Bd. East Feliciana Parish*, 299 Fed. Appx. 363, 366 (5th Cir. 2008) ("If a district court

where suit is filed determines that venue is improper, it has discretion to either dismiss the suit, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Baton Rouge, Louisiana, this 13th day of June, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**