# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SREAM, INC.**                                                                    **CIVIL ACTION**

**VERSUS**

**TIGER BROTHERS FOOD MART,**                          **NO.: 17-00657-BAJ-RLB**
**INC.**

## RULING AND ORDER

Before the Court is the **Motion for Default Judgment (Doc. 21)** and the

**Motion for Default Judgment (Doc. 22)** filed by Plaintiff Sream, Inc., in which

Plaintiff seeks a default judgment against Defendant Tiger Brothers Food Mart, Inc.[1]

Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, the **Motion**

**for Default Judgment (Doc. 21) and** the **Motion for Default Judgment**

**(Doc. 22)** are **GRANTED IN PART AND DENIED IN PART**.

## I.     BACKGROUND

Plaintiff is a California corporation that, since at least 2013, has been the

exclusive licensee of the trademark "RooR" in the United States. (Doc. 1 at p. 2). RooR

is recognized for its ornate glass products including borosilicate jointed-glass water

pipes, parts, and accessories. (Doc. 21 at p. 2). RooR products are allegedly superior

in the market place and consistently retail higher than those from other brands. (Doc.

21 at p. 3). Defendant is a Louisiana corporation that Plaintiff claims engaged in the

---

[1] Both motions are identical except Doc. 22 contains evidence in support of Plaintiff's Motion.

unlawful manufacture, retail sale, and/or wholesale sales of counterfeit RooR branded water pipes and related parts. (Doc. 1 at p. 2).

Plaintiff filed its Complaint on September 20, 2017, asserting violations of the Lanham Act, 15 U.S.C. § 1114. Plaintiff seeks injunctive relief prohibiting Defendant from using the RooR mark and damages. The Clerk of Court entered a default on June 14, 2018 because Defendant failed to file an answer or motion under Federal Rule of Civil Procedure 12. (Doc. 19). Plaintiff then filed the pending Motion for Default Judgment. (Doc. 21).

## II.  LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, a court must apply a two-step process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues

2

of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by the defendant. *Id.*

Second, a court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## III. DISCUSSION

### A. Default Judgment is Appropriate under the *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendant failed to file an answer or motion under Rule 12. Second, there has been substantial prejudice because Defendant's failure to appear in this action leaves Plaintiff with no recourse for its alleged injuries. (Doc. 21 at p. 5). Third, the grounds for granting a default judgment against Defendant are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. (Doc. 19). Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because Defendant has failed to respond to Plaintiff or to the Court. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness

3

of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Defendant. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

### B.    The Sufficiency of the Pleadings

The Court must also determine whether Plaintiff's pleadings provide a sufficient basis for a default judgment. Plaintiff sued Defendant under the Lanham Act, which provides that a plaintiff must show that (1) it possesses a legally protectable trademark and (2) the defendant's use of the trademark creates a likelihood of confusion as to source, affiliation, or sponsorship. *Streamline Prod. Sys. v. Streamline Mfg.*, 851 F.3d 440, 450 (5th Cir. 2017) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). It is uncontroverted that Plaintiff is the exclusive licensee of the legally protectable trademark RooR. (Doc. 22-2 at p. 2). The United States Court of Appeals for the Fifth Circuit has identified eight factors to determine whether a likelihood of confusion exists: (1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, (7) any evidence of actual confusion, and (8) the degree of care exercised by potential purchasers. *Bd. of Supervisors v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008) (quoting *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663-64 (5th Cir. 2000)).

An analysis of the eight factors reveals that Defendant's use of "RooR" creates a likelihood of confusion. The first factor refers to the strength of a mark; generally, the stronger the mark, the greater the likelihood of confusion. *Bd. Of Supervisors*, 550 F.3d at 479. The record indicates that the RooR trademark is at least ten years old. (Doc. 22-3 at p. 1). Moreover, Jarir Farraj, owner of Sream, in his affidavit submitted in support of the motion, asserted that RooR products are "considered a status symbol, as owning a RooR means having the finest water pipe available." (Doc. 22-2 at p. 3). As such, the Court concludes that Plaintiff has provided evidence that RooR is a strong trademark. Second, Farraj stated that Defendant sold products labeled as RooR, proving that there was a similarity between the two marks. Third, Farraj stated that Defendant sold products for $19.25, while the sales price of the equivalent noncounterfeit product is $130, indicating that Defendant and Plaintiff sold similar products. (*Id.* at p. 2). Fourth, Farraj alleged that both Plaintiff and Defendant were in the business of selling water pipes, further increasing the likelihood of confusion. (Doc. 22-2 at p. 4). The Court is unable to analyze the fifth factor, the identity of the advertising media used, because the record is devoid of information regarding how Defendant advertised the product. Sixth, it appears that Defendant intended to cause confusion. Given that Defendant is in the business of selling water pipes and that RooR has a reputation for high-quality within the industry, it is unlikely that Defendant did not intend for consumers to conflate its products with Plaintiff's. Seventh, evidence of confusion has been shown, in that Farraj stated that in 2016, Plaintiff saw a 35% drop in total sales of RooR products

throughout the United States in part because of counterfeit products. (Doc. 22-3 at p. 3). Finally, the record does not indicate the level of care exercised by potential customers. Taken as a whole, the eight factors weigh in favor of the conclusion that Defendant's use of the trademark RooR creates a likelihood of confusion. Accordingly, Plaintiff has established a claim for relief.

### C.    Plaintiff's Requested Relief

#### 1.    *Damages*

Plaintiff seeks $15,000 per trademark infringed for losses to its business. The Lanham Act provides that the Court may award statutory damages "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 18 U.S.C. §1117(c). Farraj alleged that on March 4, 2016, counterfeit products bearing the name RooR were sold in Defendant's store. The fake products were sold for $19.25, while the real product retails at $130.00. Plaintiff does not provide an estimate of how many RooR products Defendant sold.    Plaintiff contends that "while Defendant probably hasn't sold millions of counterfeit products, it has engaged in the purchase and sale of counterfeits of at least one unit, and likely traded in more." (Doc. 24-1 at p. 8). As noted, Farraj further claims that Sream saw a 35 percent drop in the sale of RooR products nationally due to the sale of counterfeit products. This statistic alone cannot meaningfully inform the Court's damages calculation because it does not indicate Plaintiff's loss in revenue as a result of *Defendant's* infringement activity. Because Plaintiff has not indicated how long Defendant has been selling counterfeit products

or how many it has sold, the Court finds a $15,000 award to be excessive. Accordingly, the Court concludes that a lesser award of $2,500 per counterfeit mark per type of goods sold is appropriate. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.* 112 F.3d 1296, 1304 (5th Cir. 1997) ("Great latitude is given the district court in awarding damages under the Lanham Act."). Because Plaintiff claims that Defendant infringed upon one trademark, RooR, with respect to one product, a total of $2,500 is reasonable in this case.

### 2. *Costs of Litigation*

Plaintiff seeks to recover the costs of litigation. (Doc. 21 at p. 9). Title 15 U.S.C. § 1117(a) provides that a Plaintiff is entitled to the costs of the action when there is a violation of any right of the registrant of a trademark. Plaintiff requests that the Court award costs totaling $775.80 dollars, which includes the filing fee of $400, the process server fee of $115, and Plaintiff's investigation fees which equal $260. Plaintiff has provided the affidavit of one of its attorneys, Galen Hair, who indicates that this is a reasonable estimate. (Doc. 22-4 at p. 2). This evidence is uncontroverted by Defendant. Accordingly, the Court awards Plaintiff $775.80 in litigation costs.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion for Default Final Judgment (Doc. 21)**

and the **Motion for Default Final Judgment (Doc. 22)** are **GRANTED IN**

**PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that an award of statutory damages is hereby

entered in favor of Plaintiff in the amount of $2,500.

**IT IS FURTHER ORDERED** that an award of costs is hereby entered in

favor of Plaintiff in the amount of $775.80.

Baton Rouge, Louisiana, this 28th day of June, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**